FRANCIS SOLYER AND CAROLINE SOLYER v. LOUIS ROMANET.

1. AUTHENTICATION—ACKNOWLEDGMENT OF MARRIED WOMEN.—The certificate of a notary public to a deed signed by the husband, and which, being formal in other respects, recites that "they severally acknowledged that they had executed and delivered the foregoing conveyance as their voluntary act and deed, for the purposes and considerations therein expressed," and after reciting the privy examination of the wife, states "she, the said A B, declared that she had willingly signed, sealed, and delivered the same, and that she wished not to retract it," is sufficient.

2. SAME.—Such a certificate substantially meets the requirements of the statute, that the wife shall, in order to pass her interest, acknowledge the deed "to be her act." (Paschal's Dig., art. 1063.)

3. JUDICIAL KNOWLEDGE.—The courts judicially know that the city of Galveston is in a county of the same name in the State of Texas. If it were otherwise, a defendant sued for land which was described as being in the city of Galveston, without reference to the county or State, could not raise the objection, for the first time, on a charge asked of the court.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

Suit was brought by Louis Romanet in the District Court of Galveston county, on the 12th of September, 1878, against Francis Solyer and his wife, Caroline L. Solyer, in trespass to

try title to recover lot number 3 in block 142, in the city of Galveston, and improvements; setting out the boundaries thereof, and claiming title and possession of the same on the 12th of July, 1878, when defendants entered and dispossessed him, and continue to withhold it from him; claiming rents at $30 per month; for damages; $1,000 and costs; and for a writ of possession.

April 19, 1879, defendants answered by general denial and plea of not guilty; set up homestead, and denied, under oath, execution of deed from them to Louis F. Solyer; denied that he was the owner of the lot sued for; denied the execution of a deed set up by plaintiff, bearing date April 9, 1872, and recorded in Book 9, pages 428 and 429; denied the privy examination of the wife and the consideration and delivery; charged combination and fraud between Victor Girardin and Louis Romanet and Mr. Jones to acquire defendants' homestead; had induced Louis F. Solyer to sign the trust deed and note for $2,000, 16th of May, 1873, and denied payment of the money, &c.

April 19, 1879, plaintiff filed his first supplemental petition in answer to defendants' original amended answer filed 19th of April, 1879; denied the truth of all the allegations of defendants, and specially denied all allegation of fraud or collusion on his part or on the part of the original beneficiary in the deed of trust, and that he purchased the note and property in good faith, and specially denied that he had any knowledge of the dealings between F. Solyer and L. F. Solyer and the defendant, Caroline Solyer, as set up in her answer; pleaded that Francis and Caroline Solyer were estopped by their deed from denying the title of said Louis F. Solyer to the lot at the time of the execution of the note to Victor Girardin, and the first conveyance to W. H. Jones for the benefit of Victor Girardin; that plaintiff had purchased the note with the security for full value, paid long before maturity; that he was an innocent purchaser of the property, in good faith, for a valuable consideration, without notice of anything wrong in

the title; and that he purchased the property at trust sale, on the 10th of June, 1878, and prayed judgment as in his original petition.

The allegations of privy examination and execution of the deed from Caroline L. Solyer, were ample, and prayer was made that the plea of *non est factum* be stricken out.

Verdict for plaintiff, and judgment entered May 5, 1879, for the plaintiff, for the recovery by him of defendants of the property and premises in controversy and described in the petition as lot number 3 in block 142, in the city, and the improvements thereon, and for a writ of possession and for costs.

It will be seen, by reference to the opinion, that the certificate of acknowledgment to the deed from Francis Solyer and wife failed to state, in terms, that after privy examination the wife acknowledged the deed "to be her act." (Paschal's Dig., art. 1063.)

Plaintiff read the following evidence of title:

1. Deed from Francis Solyer and wife to Louis F. Solyer, for lot number 3 in block 142, and improvements. Warranty deed filed for record May 17, 1873; recorded May 19, 1873, and recorded in Book 9, pages 428 and 429. The certificate of privy acknowledgment by the notary will be found in the opinion. There was nothing shown to charge Girardin or Romanet with knowledge of fraud.

2. Deed of trust by Louis F. Solyer to W. H. Jones, trustee, conveying lot 3 in block 142, and improvements, to secure Victor Girardin note of Louis F. Solyer for $2,000, with twelve per cent. interest, dated May 16, 1873; filed for record May 19, 1873; acknowledged by Louis F. Solyer 16th of May, 1873, before Edward T. Austin, notary public, and acknowledgment certified by notary.

3. Appointment by Louis Romanet of Edward T. Austin as substitute trustee under power given him by trust deed, in place of W. H. Jones, deceased, and request to enforce payment of note by sale. Acknowledged for record by Louis Romanet before W. R. Johnson, notary public for Galveston

county, 13th of September, 1877; dated September, 1877; recorded July 11, 1878.

4. Original deed from Edward T. Austin, as substitute trustee, in deed of trust from Louis F. Solyer to W. H. Jones, trustee, to Louis Romanet, for lot 3 in block 142, and improvements, reciting execution of trust in accordance with its terms. Acknowledged for record before notary public for Galveston county 11th of July, 1878, and recorded July 12, 1878; also note, with indorsement and advertisement.

Note indorsed November 4, 1873: "Pay to Louis Romanet, or order, without recourse to me.—Victor Girardin. Credited June 10, 1878, by sale of property, in the sum of $1,456. Edward T. Austin, trustee."

It should be observed that the original petition alleged that both plaintiff and defendants were residents "of the city and county of Galveston, in the State of Texas," and that the lot sued for was "in the city of Galveston," no allegation being elsewhere made containing any reference to the State or county in which it was situate. The first objection made to the venue seems to have been in a charge asked on the trial.

*Wharton Branch,* for appellants.

I. The deed was not acknowledged as required by law to be her act and deed, and was inoperative to convey the title to this property. (Paschal's Dig., art. 1003; Fitzgerald *v.* Turner, 43 Tex., 87; Cross *v.* Everts, 28 Tex., 532; Smith *v.* Elliott, 39 Tex., 210; Rice *v.* Peacock, 37 Tex., 393; 46 Tex., 294; 21 Tex., 640.)

II. The court erred in charging the jury that there had been no sufficient evidence to invalidate the certificate of W. R. Johnson, the notary who took the acknowledgment, the same being a charge upon the weight of evidence, there having been a great deal of evidence of duress by intimidation, as will appear by the statement of facts; the jury alone being the judges upon the weight of evidence and of its sufficiency to invalidate said certificate. (Kimbro *v.* Hamilton, 28 Tex., 566;

Andrews *v.* Marshall, 26 Tex., 215; 43 Tex., 38; Texas and Pacific Railway *v.* Murphy, 46 Tex., 367.)

III. The deed and acknowledgment was vitiated by the mode of obtaining it, and fraud and duress are not obviated by informing the victim of the intended use of the thing extorted, and the delivery to the grantee and the payment of the consideration by him were indispensable. (Walker *v.* McNeils, Dallam, 544; 1 Story's Eq. Jur., 243; Tuttle *v.* Turner, 28 Tex., 773; Dikes *v.* Miller, 24 Tex., 423; McGowen *v.* Bush, 17 Tex., 200; Westbrooks *v.* Jeffers, 33 Tex., 89; 47 Tex., 143; 21 Tex., 46; Berry *v.* Donley, 26 Tex., 746.)

IV. The court erred in refusing the fourth charge asked, there being no allegation in plaintiff's petition, or proof, that the lot sued for was in Galveston and State of Texas, which was necessary to give the court jurisdiction.

A suit for land must be brought in the county and State where the land lies, and if the petition does not show that fact on its face, the court does not have jurisdiction, and this may be taken advantage of at any time and in any way.

There is no allegation in the petition as to what county and State the land is in, only describing it as lot 3 in block 142, in the city of Galveston, and it does not show where the city of Galveston is. The charge is, that "the plaintiff is not entitled to a verdict and judgment unless he has alleged in his petition, and established the fact by proof, that the lot of ground in controversy is situated in Galveston county and State of Texas," and it was refused. There is no proof of where the land is situated. (Paschal's Dig., arts. 1423, 1427; Hays *v.* Stone, 36 Tex., 181; Evans *v.* Pigg, 28 Tex., 590; Hearst *v.* Kuykendall, 16 Tex., 329; Hall *v.* Jackson, 3 Tex., 309.)

*Edward T. Austin,* for appellee.

I. The deed was properly admitted in evidence on the notary's certificate. (Stats. of 1876, ch. 62, p. 61; Hartley *v.* Frosh, 6 Tex., 215; Shelby *v.* Burtis, 18 Tex., 644.)

II. The charge of the court, to the effect that the certificate

of acknowledgment of the deed from Francis Solyer and his wife, Caroline L. Solyer, was sufficient to vest title in Louis Solyer, was correct. (Paschal's Dig., art. 1003; Hartley *v.* Frosh, 6 Tex., 215; Kirk *v.* Navigation Co., 49 Tex., 213; Daniels *v.* Larendon, 49 Tex., 217.)

III. The evidence allowed by the court to go to the jury, as to fraud and duress practiced between Solyer and wife and son, over the plaintiff's exceptions, having failed to bring any knowledge home to the notary thereof, or to the beneficiary in the deed of trust, or to the purchaser, the court charged the jury rightly not to consider it. (Wright *v.* Thompson, 14 Tex., 563; Roddy *v.* Kingsbury, 5 Tex., 151.)

GOULD, ASSOCIATE JUSTICE.—The principal question in this case is as to the sufficiency of the following certificate to the privy examination and acknowledgment of a married woman of her deed:

"THE STATE OF TEXAS, ⎰
      *County of Galveston.* ⎱

Before me, William R. Johnson, a notary public for said county and State, at the city of Galveston, on this 11th day of April, 1872, personally came and appeared Francis Solyer and Caroline L. Solyer, his wife, to me well known, and severally acknowledged that they had executed and delivered the foregoing conveyance as their voluntary act and deed, for the purposes and considerations therein expressed; and the said Caroline L. Solyer, having been examined by me privily and apart from her said husband, and having the same fully explained to her, she, the said Caroline L. Solyer, declared that she had willingly signed, sealed, and delivered the same, and that she wished not to retract it.

Given under my hand and impress of my official seal this 11th day of April, 1872.

W. R. JOHNSON,
*Notary Public for Galveston Co.*"

On the authority of Belcher *v.* Weaver, 46 Tex., 294, we

hold that this certificate shows substantially that Mrs. Solyer, in her privy examination, acknowledged the deed as her act, and that the requisites of the statute then in force had been complied with.   (Paschal's Dig., art. 1003.)

If, notwithstanding her privy examination and acknowledgment, Mrs. Solyer did not execute the deed willingly, there was no evidence whatever tending to charge Girardin or Romanet with notice of the fact, or of any defect in the delivery of the deed.   The evidence shows that the object of the conveyance by Solyer and wife to their son was to enable Solyer to borrow money on the security of the lot, and it fails to show that Girardin or Romanet had any notice that Mrs. Solyer objected, or had any right to object, to the deed of trust.

There was no error in the charge of the court as to the validity of the deed, nor in the failure to submit to the jury issues as to which there was no evidence affecting the plaintiff.

The court, by reason of various public acts, judicially knew that the city of Galveston was in the county of the same name in the State of Texas.   Even were it otherwise, it was too late to object that the suit did not appear to be brought in the county where the lot was, and the charge asked on that subject was rightly refused.

We find no error in the proceedings of the court below, and the judgment is accordingly affirmed.

AFFIRMED.

[Opinion delivered February 17, 1880.]